An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-740

Filed 1 July 2026

Buncombe County, No. 20CVS004200-100

TRACY MICHELLE BECK and CHARLES BILL BECK, Plaintiffs,

v.

CHARLES J. DEPAOLO, M.D., CHARLES J. DEPAOLO, M.D., P.A. and MISSION HOSPITAL, INC., Defendants.

Appeal by Plaintiffs from order entered 31 May 2024 by Judge Lisa C. Bell in Buncombe County Superior Court. Heard in the Court of Appeals 24 March 2026.

> *James, McElroy & Diehl, P.A., by Jennifer M. Houti and Adam L. Ross; and Gardner Skelton, PLLC, by Preston O. Odom, III, for plaintiffs-appellants.*
>
> *Lincoln Derr PLLC, by Tricia M. Derr and Heather C. Fuller, for defendants-appellees Charles J. DePaolo, M.D. and Charles J. DePaolo, M.D., P.A.*
>
> *No brief filed for defendant-appellee Mission Hospital, Inc.*

WOOD, Judge.

Tracy Beck ("Mrs. Beck") and Charles Beck (together "Plaintiffs") appeal the trial court's 31 May 2024 order granting Charles J. DePaolo, M.D. ("Dr. DePaolo") and Charles J. DePaolo, M.D., P.A.'s (together "DePaolo Defendants") motion for summary judgment. For the reasons discussed herein, we hold the trial court lacked

jurisdiction to enter the 31 May 2024 order granting summary judgment and vacate the order.

## I. Factual and Procedural Background

On 5 July 2018, Mrs. Beck underwent a left anterior approach total hip arthroplasty performed by Dr. DePaolo at a Mission Hospital, Inc. ("Mission Hospital") owned facility. Following surgery, Mrs. Beck did not recover as expected and experienced numbness and weakness in her leg; these symptoms were discovered to have been the result of an injury to her femoral nerve.

On 23 November 2020, Plaintiffs filed a complaint and on 2 July 2021 filed an amended complaint against DePaolo Defendants and Mission Hospital (together "Defendants") for medical malpractice and loss of consortium. Each Defendant answered and denied liability. On 2 September 2022, Mission Hospital filed a motion for summary judgment and, on 2 October 2022, filed a motion to dismiss under Rule 9(j) alleging the complaint failed to meet the certification requirements for a medical malpractice claim. On 3 January 2023, the trial court granted Mission Hospital's motion for summary judgment and dismissed all claims against them with prejudice; Plaintiffs timely appealed on 13 January 2023, and this Court docketed the appeal on 21 August 2023.

On 4 June 2024, this Court filed its opinion affirming the trial court's order. *Beck v. DePaolo*, 294 N.C. App. 315, 901 S.E.2d 462, 2024 WL 2828182, at *1 (2024) (unpublished) (hereinafter "*Beck I*"). Because the 3 January 2023 order granting

Mission Hospital's motion for summary judgment disposed of only the claims against Mission Hospital, the appeal was interlocutory and because the order was not certified as immediately appealable by the trial court pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), this Court, in order to establish jurisdiction, had to determine whether a substantial right was affected. *Id.* at *2. Plaintiffs argued, and this Court agreed, that a risk of inconsistent verdicts existed if "Plaintiffs and the DePaolo Defendants were to proceed to trial and if this Court subsequently were to reverse the trial court's grant of summary judgment to Mission Hospital." *Id.* at *2. The Court in *Beck I* reasoned:

> First, the same factual issues exist with regard to both the DePaolo Defendants and Mission Hospital. Plaintiffs' claim of medical malpractice arises out of one procedure, the hip replacement. Dr. DePaolo performed the hip replacement assisted by nurses employed by Mission Hospital. One of the prominent issues in the case is the factual issue of causation—that is, whether Dr. DePaolo committed medical malpractice by improper retractor placement or whether a nurse employed by Mission Hospital committed medical malpractice by implementing improper leg traction. Therefore, the same factual issues would be present in both trials. As for the possibility of inconsistent verdicts, two different juries potentially could reach conflicting verdicts in this case. For example, the first jury could find only the DePaolo Defendants liable for malpractice, while the second jury could find Mission Hospital, through the actions of one or more of its nurses, solely or jointly and severally liable with the DePaolo Defendants. Therefore, the possibility of inconsistent verdicts exists. Accordingly, the trial court's grant of summary judgment as to fewer than all defendants affects Plaintiffs' substantial right.

*Id.* at *2.

While *Beck I* was pending on appeal, DePaolo Defendants filed a motion for summary judgment on 22 September 2023. On 22 November 2023, Plaintiffs filed a motion for recognition of an automatic stay, or in the alternative, for issuance of a discretionary stay. Plaintiffs asserted that the trial court should recognize that all proceedings in the matter had been automatically stayed since 13 January 2023 pursuant to N.C. Gen. Stat. § 1-294. On 4 December 2024, the trial court heard arguments on both the DePaolo Defendants' motion for summary judgment and Plaintiffs' motion to recognize the automatic stay or alternatively issue a discretionary stay. On 31 May 2024, the trial court entered an order granting the motion for summary judgment dismissing all claims against DePaolo Defendants with prejudice. The trial court's order stated in part that the "action had not been automatically stayed when Plaintiffs appealed the Order granting judgment in favor of Mission Hospital, nor did the Court find grounds to issue a discretionary stay pending the appeal."

On 10 June 2024, Plaintiffs filed a motion for reconsideration pursuant to Rule 54, or in the alternative to set aside the order granting DePaolo Defendants' motion for summary judgment pursuant to Rules 60(b)(1) and 60(b)(6). Plaintiffs also filed notice of appeal of the summary judgement order on 21 June 2024. On 25 October 2024, Plaintiffs filed with this Court an unopposed motion to relinquish jurisdiction for entry of an indicative ruling pursuant to N.C. R. App. P. 37 on the Rule 60(b)

aspects of the motion for reconsideration of, or in the alternative to set aside the order. On 18 September 2024, the trial court sent the parties an email indicating it was inclined to deny the motion for reconsideration or in the alternative to set aside; the trial court entered its order of indicative denial of Plaintiffs' motion on 21 February 2025. In its order, the trial court stated the facts of the case warranted consideration only under Rule 60(b)(6). Concurrently with this appeal, Plaintiffs have filed a petition for *writ of certiorari* seeking review of the 21 February 2025 order of indicative denial of their motion.

## II. Analysis

On appeal, Plaintiffs argue the trial court erred by not recognizing the automatic stay that was in place during the pendency of *Beck I* and by proceeding to enter the order granting DePaolo Defendants' motion for summary judgment. Additionally, Plaintiffs argue the trial court abused its discretion by denying their alternative request for a discretionary stay and that the trial court erred by granting summary judgment in favor of DePaolo Defendants.

### A. Standard of Review

This Court reviews questions of a trial court's subject matter jurisdiction *de novo*, considering the matter anew and freely substituting its own judgment for that of the lower court. *Jessey Sports, LLC v. Intercollegiate Men's Lacrosse Coaches Ass'n*, 294 N.C. App. 562, 569, 904 S.E.2d 161, 166-67 (2024).

### B. Automatic Stay

Plaintiffs contend that because there was an automatic stay in place, the trial court lacked subject matter jurisdiction to enter the order granting DePaolo Defendants' motion for summary judgment. Specifically, Plaintiffs argue "[g]iven the nature of the [Plaintiffs'] allegations and the overlapping allegations of negligence against both Mission Hospital and the DePaolo Defendants, the trial court could not reasonably determine that 'this action had not been automatically stayed when Plaintiffs appealed the Order granting judgment in favor of Mission Hospital.'" We agree.

When notice of appeal is given, the trial court generally is divested of jurisdiction over matters included in the action; however, the trial court "may proceed upon any other matter included in the action and not affected by the judgment appealed from." N.C. Gen. Stat. § 1-294; *Morgan v. Nash Cnty.*, 224 N.C. App. 60, 76, 735 S.E.2d 615, 626 (2012). An appeal is perfected when "it is docketed in the appellate court, but when it is docketed, the perfection relates back to the time of notice of appeal, so any proceedings in the trial court after the notice of appeal are void for lack of jurisdiction." *Quevedo-Woolf v. Overholser*, 261 N.C. App. 387, 423, 820 S.E.2d 817, 840 (2018).

Similarly, when a party appeals from an immediately appealable interlocutory order, "the trial court's jurisdiction is removed and it may not proceed on any matters embraced by the order." *SED Holdings, LLC v. 3 Star Props., LLC*, 250 N.C. App. 215, 220, 791 S.E.2d 914, 919 (2016). Nonetheless, when the appeal arises from a

non-appealable interlocutory order, "such appeal does not deprive the trial court of jurisdiction and thus the court may properly proceed with the case." *Id.* An interlocutory order is immediately appealable when a substantial right "will clearly be lost or irremediably adversely affected if the order is not reviewed before final judgment." *Id.* at 221, 791 S.E.2d at 919. Whether an interlocutory order affects a substantial right generally requires a case-by-case analysis to consider the particular facts and procedural context involved. *Id.* However,

> it is clear that a trial court need not await the appellate court's decision as to whether an appeal has been attempted from a nonappealable interlocutory order. Indeed, because "a litigant cannot deprive the trial court of jurisdiction to determine a case on its merits by appealing from a nonappealable interlocutory order," "the trial court has the authority to determine whether or not its order affects a substantial right of the parties or is otherwise immediately appealable."

*Id.* (quoting *Velez v. Dick Keffer Pontiac–GMC Truck, Inc.*, 144 N.C. App. 589, 591, 551 S.E.2d 873, 875 (2001); *RPR & Assocs., Inc. v. Univ. of N. Carolina–Chapel Hill*, 153 N.C. App. 342, 348, 570 S.E.2d 510, 514 (2002)). In its order granting DePaolo Defendants' motion for summary judgment, the trial court did not explicitly conclude that the Mission Hospital summary judgment order was a non-appealable interlocutory order. However, because the trial court concluded that there were no grounds for an automatic stay nor grounds for a discretionary stay, and further proceeded to enter its order for summary judgment, we can presume it acted within its authority to determine first whether or not the Mission Hospital summary

judgment order was immediately appealable and concluded that the order was a non-appealable interlocutory order.

This Court has determined that when a trial court must determine whether or not its interlocutory order affects a substantial right during the pendency of an appeal, "(1) a trial court properly retains jurisdiction over a case if it acts reasonably in determining that an interlocutory order is not immediately appealable, and (2) that determination may be considered reasonable even if the appellate court ultimately holds that the challenged order is subject to immediate review." *Id.* at 222, 791 S.E.2d at 920. For the following reasons, we hold the trial court's determination was not reasonable; an automatic stay was in effect and should have been recognized as of 13 January 2023. The orders in this matter clearly fall into the category of those automatically stayed upon a perfected appeal:

> When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, *or upon the matter embraced therein*, unless otherwise provided by the Rules of Appellate Procedure; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.

N.C. Gen. Stat. § 1-294 (emphasis added). In the case *sub judice*, the subject matter of the Mission Hospital summary judgment order at issue in *Beck I* is the same subject matter at issue in the DePaolo Defendants' summary judgment order. Both orders consider the same injury, the same issue of causation, and rely on the same evidence. *See Beck I*, 2024 WL 2828182, at *2-3. As this Court explained in *Beck I*, a

substantial right was affected and a possibility of inconsistent verdicts existed: "[f]or example, the first jury could find only the DePaolo Defendants liable for malpractice, while the second jury could find Mission Hospital, through the actions of one or more of its nurses, solely or jointly and severally liable with the DePaolo Defendants." *Id.* at \*2.

DePaolo Defendants assert on appeal that the trial court's decision was based on *Myers v. Barringer* and, "[w]ithout the benefit of this Court's opinion in *Beck I* that distinguished *Myers*" from the case *sub judice*, its decision was reasonable.[1] We disagree. As discussed in *Beck I*,

> [t]he plaintiffs in *Myers* brought claims of medical malpractice based on distinct theories. For example, they claimed Mr. Myers's primary doctor committed medical malpractice through misdiagnosis and negligently failing to recommend proper treatment. Their theory of Holly Hill's medical malpractice was separate and distinct.
>
> . . . .
>
> We do not interpret the statement, "an independent contractor physician stands legally apart from a hospital which provides an environment for the physician to practice medicine" to mean that in all cases in which a hospital provides an environment for a physician to practice medicine, there is no possibility of this Court hearing the merits of an interlocutory appeal. In *Myers*, for example, the primary doctor provided the diagnosis and recommend[ed] a particular treatment, while different

---

[1] We note that the trial court in its order granting summary judgment to DePaolo Defendants did not cite any authority to support its finding that "[t]his action had not been automatically stayed when Plaintiffs appealed the Order granting judgment in favor of Mission Hospital, nor did the Court find grounds to issue a discretionary stay pending the appeal."

providers administered the treatment. Here, Plaintiffs'
claim of medical malpractice is not distinct as to the
DePaolo Defendants and Mission Hospital. Unlike in
*Myers*, Dr. DePaolo worked directly with nurses employed
by Mission Hospital during the single procedure which
Plaintiffs allege is the cause of Mrs. Beck's injury.
Although the question of causation is focused on which
defendant(s) in fact caused the injury, that factual question
cannot be answered by different juries without creating the
risk of arriving at inconsistent verdicts.

*Id.* at \*3 (citing and discussing *Myers v. Barringer*, 101 N.C. App. 168, 173, 398 S.E.2d

615, 616-17 (1990)).  The distinction between *Myers* and the case *sub judice* is clear,

*and* Plaintiffs brought the distinction to the trial court's attention at the 4 December

2023 hearing; thus, we conclude reliance on *Myers* to support its finding that an

automatic stay was not in effect was not reasonable.

Because the trial court's decision determining that the Mission Hospital

summary judgment order was not immediately appealable was not reasonable, the

trial court did not properly retain jurisdiction to enter the DePaolo Defendants'

summary judgment order. *SED Holdings*, 250 N.C. App. at 220-22, 791 S.E.2d at 919-

20.  Plaintiffs filed notice of appeal of the trial court's order granting summary

judgment to Mission Hospital on 13 January 2023, and the appeal was docketed on

21 August 2023; thus, perfection of the appeal relates back to 13 January 2023 and

all proceedings after this date are void for lack of jurisdiction.

Even assuming the trial court reasonably exercised jurisdiction over the

DePaolo Defendants' summary judgment motion, we conclude the trial court erred by

granting the motion. Viewing the record in the light most favorable to the non-movant Plaintiffs, the evidence is sufficient to create a genuine issue of material fact that the DePaolo Defendants were negligent in causing Plaintiffs' injury. For instance, Plaintiffs' expert opined that the injury was caused either by the negligence of the DePaolo Defendants or by another cause, but that, more likely than not, the injury was caused by the DePaolo Defendants.

### III.    Conclusion

For the reasons stated herein, we hold the trial court lacked jurisdiction to enter the 31 May 2024 order granting summary judgment to DePaolo Defendants. An automatic stay commenced on 13 January 2023 thereby divesting the trial court of jurisdiction over the subject matter and issues encompassed and affected by the 3 January 2023 order. Consequently, we vacate the 31 May 2024 summary judgment order and remand to the trial court for further proceedings.

VACATED AND REMANDED.

Chief Judge DILLON concurs.

Judge GRIFFIN concurs in result only.

Report per Rule 30(e).